IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARC EDWARD BOWMAN,

    Plaintiff,

    vs.

ASSOCIATES HOME EQUITY SERVICE, et al.,

    Defendants.

No. CIV S-06-0463 DFL EFB PS

ORDER AND FINDINGS & RECOMMENDATIONS

        This action, in which plaintiff is proceeding pro se, was referred to the undersigned on August 29, 2006. This case was before court on October 4, 2006, for hearing on defendant Citi Financial Mortgage's motion to dismiss plaintiff's third and fifth causes of action for failure to state a claim. That motion also seeks to strike portions of the complaint relating to damages. Plaintiff did not file an opposition and did not appear at the hearing. Mary Kate Sullivan appeared on behalf of defendant Citi Financial Mortgage. Upon review of the motion and the supporting documents, and having heard defendant's argument on the matter, the court issues the following order and findings and recommendations.

I. BACKGROUND

        This action is proceeding on plaintiff's complaint, filed March 7, 2006. Plaintiff has alleged diversity jurisdiction and asserts six causes of action against defendants Citi

1

Financial Mortgage and Associates Home Equity Services, namely: (1) fraud, (2) breach of contract, (3) breach of fiduciary duty, (4) unlawful, unfair and deceptive trade practices, (5) conversion, and (6) unjust enrichment.  According to the complaint, plaintiff had a revolving home equity line of credit ("loan agreement") with Avco Financial Services ("Avco").  In 1999, Avco "transferred" the loan agreement to Associates Home Equity Services ("AHES"), which in turn "transferred" the loan agreement to Citi Financial Mortgage ("Citi") in 2004.  Plaintiff alleges that he paid off the loan in 2004, but then discovered that defendants had charged him in excess of applicable interest rates provided in the loan agreement.

Defendant Citi moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's third and fifth causes of action for breach of fiduciary duty and conversion, respectively.  Citi also moves to strike portions of the complaint and the prayer for relief with respect to certain allegations relating to damages.

II. MOTION TO DISMISS

    A. Standard

A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief.  *NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true.  *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include specific facts necessary to support the claim.  *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.  Third Cause of Action – Breach of Fiduciary Duty

Citi argues that plaintiff cannot state a claim for breach of fiduciary duty because no fiduciary relationship can be construed as existing between itself and plaintiff. This cause of action, like all of plaintiff's claims, are state law claims governed by California law.

In California, a "mere contract or debt does not constitute a trust or create a fiduciary relationship." *Oakland Raiders v. Nat'l Football League*, 131 Cal. App. 4th 621, 633 (Cal. Ct. App. 2005). Furthermore, a lender assumes no fiduciary obligations to a borrower when its conduct is limited to activities customarily associated with the lending function. *Peterson Dev. Corp. v. Torrey Pines Bank*, 233 Cal. App. 3d 103, 119 (Cal. Ct. App. 1991). In

order to be charged with a fiduciary obligation, a party "must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Oakland Raiders*, 131 Cal. App. 4th at 631-32 (citing *Comm. on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 221 (1983)).

Plaintiff alleges that defendants "owed plaintiff a fiduciary duty" and that they "held a special relationship of trust and confidence with plaintiff." *See* Complaint, at ¶¶ 27-28. Despite these allegations, plaintiff alleges no facts to support the existence of such duty or relationship in light of relevant California law, which holds as a matter of law that a lender assumes no fiduciary obligations to a borrower. Neither does plaintiff allege any facts to otherwise support the existence of a fiduciary relationship between himself and Citi, either by law or circumstance. In short, plaintiff's allegations regarding the purported "fiduciary relationship" are no more than legal conclusions cast in the form of factual allegations, and they cannot be supported from the facts alleged. This court is not required to accept as true such "legal conclusions." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Even so, given plaintiff's status as a pro se plaintiff, the court will grant plaintiff the opportunity to amend the complaint to allege facts sufficient to support this claim. Accordingly, plaintiff's third cause of action for breach of fiduciary duty is dismissed with leave to amend.

### C. Fifth Cause of Action – Conversion

Citi argues that to state a claim for conversion, California law requires the plaintiff to identify a "specific, identifiable sum" or that defendant be an agent or trustee who has failed to turn over to his principal or beneficiary a definite sum received on behalf of the principal or beneficiary. First, Citi argues that this cause of action should be dismissed because plaintiff has failed to identify a specific sum of money at issue, and that he cannot identify such money because the alleged excessive interest was never segregated and cannot now be identified. Second, Citi reiterates that no fiduciary relationship exists between plaintiff and itself, and therefore plaintiff cannot state a claim for conversion by virtue of any agency or trustee

4

relationship between them.

In California, "money cannot be the subject of a conversion action unless a specific sum capable of identification is involved." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 485 (Cal. Ct. App. 1996); *Shahood v. Cavin*, 154 Cal. App. 2d 745, 747-48 (Cal. Ct. App. 1957). "While it is true that money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved, it is not necessary that each coin or bill be earmarked. When an agent is required to turn over to his principal a definite sum received by him on his principal's account, the remedy of conversion is proper." *Fischer v. Machado*, 50 Cal. App. 4th 1069, 1072 (Cal. Ct. App. 1996). Here, as Citi argues, plaintiff has not alleged a specific sum capable of identification, nor has he alleged facts to support a finding that a fiduciary (or agency) relationship exists between himself and Citi. Thus, plaintiff has failed to allege facts necessary to support a cause of action for conversion under California law. Again, due to plaintiff's status as a pro se plaintiff, the court will grant plaintiff the opportunity to allege facts to support this claim. Accordingly, plaintiff's fifth cause of action for conversion is dismissed with leave to amend.

III. MOTION TO STRIKE

Citi also moves pursuant to Fed. R. Civ. P. 12(f), to strike portions of the complaint and prayer for relief related to damages. Specifically, Citi moves to strike paragraphs 25, 39 and 40 of the complaint and portions of paragraphs 1 and 2 in the prayer for relief insofar as they request categories of damages unavailable under California's unfair competition law and claims for breach of contract.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the court to order stricken from any pleading "any redundant [or] immaterial . . . matter." Fed. R. Civ. P. 12(f). "'[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting *Sidney-Vinstein v. A.H.*

---

*Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)), *rev'd on other grounds*, 510 U.S. 517 (1994). Grounds for a motion to strike must appear on the face of the pleading or from matters which the court may judicially notice. *Fantasy, Inc.*, 984 F.2d at 1528; *Sec. and Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

### A. Damages under California's "unfair competition law"

First, Citi seeks to strike paragraphs of the complaint alleging damages under California's unfair competition law ("UCL") (Cal. Bus. & Prof. Code section 17200, et seq.). A private litigant may only seek restitution and injunctive relief under the UCL, not damages. *See* Cal. Bus. & Prof. Code section 17203; *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992); *Heller v. Norcal Mut. Ins. Co.*, 8 Cal. 4th 30, 45 (1994). Likewise, a private litigant may not seek exemplary or punitive damages under these provisions. *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 173 (2000). In paragraphs 39 and 40, plaintiff alleges damages "as a result of defendants' unlawful, unfair, and deceptive business practices" and requests "exemplary and punitive damages" for those alleged acts. Because the UCL precludes a private litigant from recovering damages, the undersigned RECOMMENDS that all allegations and requests for damages for violations of the UCL be stricken. Specifically, paragraphs 39 and 40 of the complaint should be stricken, in addition to portions of paragraph 1 of the prayer for relief that request damages as to the fourth cause of action (alleged violations of the UCL by defendants).

### B. Breach of Contract Claims and Punitive Damages

Citi also seeks to strike portions of the complaint and prayer for relief seeking punitive damages for plaintiff's breach of contract claims. Specifically, Citi asks the court to strike paragraph 25 of the complaint and portions of paragraph 2 in the "prayer for relief" to exclude the second cause of action (breach of contract claim) from plaintiff's request for punitive damages.

////

1         Although punitive damages are generally not allowed for breach of contract
2 claims, "where the gravamen of the action is not a breach of contract as such, but rather is the
3 fraud inherent in the breach, exemplary damages may be awarded." *Brockway v. Heilman*, 250
4 Cal. App. 2d 807, 812 (Cal. Ct. App. 1967); *Miller v. Nat'l Am. Life Ins. Co.*, 54 Cal. App. 3d
5 331, 336 (Cal. Ct. App. 1976) ("Punitive damages are not available in an action in California
6 based solely upon breach of a contractual obligation, even where the breach is intentional, wilful,
7 or in bad faith. However, if the action is also in tort, exemplary damages may be recovered upon
8 a proper showing of malice, fraud or oppression even though the tort incidentally involves a
9 breach of contract."). Here, plaintiff has alleged both breach of contract and fraud with regard to
10 defendants' allegedly fraudulent charges in excess of the interest rates set forth in the loan
11 agreement. *See* Complaint, at ¶¶ 19, 23 ("By and through their intentional misleading billing
12 statements and non-disclosure of the true annual rate of interest in effect during certain times of
13 plaintiff's service on the Agreement, defendants fraudulently caused plaintiff to make payments
14 in excess of the actual annual interest rate . . . [and] unilaterally changed the terms and
15 conditions of the Agreement.").

16         "Motions to strike are generally viewed with disfavor because of the limited
17 importance of pleadings in federal practice. *Sec. and Exch. Comm'n v. Sands*, 902 F. Supp.
18 1149, 1165-66 (C.D. Cal. 1995). "If the court is in doubt as to whether the challenged matter
19 may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of
20 the sufficiency of the allegations for adjudication on the merits." *Doe v. Regents of the Univ. of*
21 *Cal.*, 2006 U.S. Dist. LEXIS 65035, 9-10 (E.D. Cal. 2006) (citations omitted).

22         Because plaintiff's allegations concerning his claim for fraud and breach of
23 contract are virtually identical, it appears that he seeks to allege a degree of "fraud inherent in
24 the breach" and that the gravamen of his claim lies in tort. Accordingly, the court
25 RECOMMENDS that Citi's motion to strike portions of the complaint and the "prayer for relief"
26 to exclude any requests for punitive damages with regard to plaintiff's claim for breach of

contract be denied.

IV. CONCLUSION

In accordance with the foregoing, the IT IS ORDERED that:

1. Plaintiff's third cause of action for breach of fiduciary duty is dismissed with 30 days leave to amend;

2. Plaintiff's fifth cause of action for conversion is dismissed with 30 days leave to amend;

3. Failure to amend the complaint within 30 days from the date of service of this order shall result in a recommendation that the third and fifth causes of action be dismissed with prejudice.

Further, IT IS RECOMMENDED that:

1. All portions of the complaint requesting any damages under California's Unfair Competition Law (Cal. Bus. & Prof. Code section 17200, et seq.) be stricken, including paragraphs 39 and 40 of the complaint and relevant portions of the "prayer for relief."

2.. Defendant Citi Financial Mortgage's motion to strike portions of the complaint and "prayer for relief" to exclude any requests for punitive damages with regard to plaintiff's claim for breach of contract be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are

////

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 1, 2006.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE