IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARC EDWARD BOWMAN,

     Plaintiff,                         No. CIV S-06-0463 RRB EFB PS

     vs.

ASSOCIATES HOME EQUITY          ORDER AND FINDINGS
SERVICE, et al.,                        AND RECOMMENDATIONS

     Defendants.
_____/

     This action, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendant CitiFinancial Mortgage ("CitiFinancial") filed a motion to dismiss on May 21, 2007, and noticed it for hearing on the undersigned's July 25, 2007, law and motion calendar. Opposition to a motion, or a statement of non-opposition thereto, was due fourteen days prior to the noticed hearing date. L.R. 78-230(c). Plaintiff failed to file an opposition or a statement of non-opposition to the motion.

     Accordingly, on July 20, 2007, the court ordered plaintiff to show cause in writing, within ten days of that order, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition. The court ordered plaintiff to file an opposition or statement of non-opposition together with his response to the order to show cause, and cautioned

1

1 plaintiff that failure to do either would be deemed a statement of non-opposition, and would
2 result in a recommendation that defendant's motion be granted.

3       Plaintiff timely responded by filing a document entitled "Statement of Non-opposition to
4 Defendants Motion to Dismiss, and/or to Strike Portions of the Complaint; and Request for Non-
5 Imposition of Sanctions." In that filing, plaintiff cited to a busy schedule and his pro se status,
6 and requested that sanctions not be imposed. He otherwise offered no opposition to defendant's
7 motion to dismiss and/or strike.

8       The court hereby discharges the order to show cause as to sanctions. Nonetheless, the
9 court remains troubled by plaintiff's failure to comply with the Local Rule regarding the timely
10 filing of either an opposition brief or a statement of non-opposition. As seen below, this need for
11 the instant motion was occasioned by the plaintiff including in the amended complain claims that
12 were previously dismissed. There does not appear to be any basis for reasserting those claims in
13 the amended complaint. The court has reviewed defendant's current motion to dismiss and
14 recommends that it be granted.

15       The motion is merely a renewal of defendant's original motion to dismiss plaintiff's
16 cause of action for conversion, and to strike portions of the pleading seeking punitive damages.
17 The court previously dismissed plaintiff's causes of action for breach of fiduciary duty and for
18 conversion. *See* May 20, 2007, Order Adopting Findings and Recommendation. Nonetheless,
19 when plaintiff filed his amended complaint, he included a claim for conversion.

20       Likewise, the court previously recommended that portions of the original complaint be
21 stricken with regard to plaintiff's requests for punitive and exemplary damages under
22 California's unfair competition law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq*.), because
23 a private litigant may not seek punitive damages under those provisions. *See* November 1, 2006,
24 Order and Findings and Recommendations (citing *Cortez v. Purolator Air Filtration Products*
25 *Co.*, 23 Cal.4th 163, 173 (2000)). Nonetheless, in the amended complaint, plaintiff again alleged
26 entitlement to punitive damages in connection with his UCL claims.

The court previously recommended against striking portions of the complaint and prayer for relief that sought damages under the breach of contract claim in light of the "gravamen" of plaintiff's claims alleging a degree of "fraud inherent in the breach." *See* November 1, 2006, Order and Findings and Recommendations (citing *Brockway v. Heilman*, 250 Cal. App. 2d 807, 812 (Cal. Ct. App. 1967)). In the amended complaint, plaintiff again seeks to recover punitive damages in connection with his breach of contract claim.

In its most recent motion, defendant again seeks to dismiss the conversion claim and to strike portions of the amended complaint seeking to recover punitive damages in connection with plaintiff's UCL and breach of contract claim. With regard to the breach of contract claim, defendant argues that punitive damages are not available under California law for mere breaches of contract, no matter how gross or willful. *See* Memorandum of Points and Authorities in Support of Motion to Dismiss and/or Strike, 10:1-5 (citing *Consolidated Data Terminals v. Applied Digital Data Systems, Inc.*, 708 F.2d 385, 399 (9th Cir. 1983)). In *Consolidated Data*, the court vacated an award of punitive damages after vacating a judgment based on fraud and tortuous interference with contract. The Court reasoned that because the punitive damages award was premised on the vacated judgment as to those claims, it too must be vacated. However, it remarked that, if on remand, the claimant could establish fraud, malice, or oppression, then the district court could again award punitive damages. *Id.*

Here, plaintiff seeks punitive damages in connection with both his claim for fraud and for breach of contract. Defendant wishes to strike the allegations regarding punitive damages solely with respect to plaintiff's breach of contract claims. If plaintiff's claim of fraud is ultimately dismissed, he will not be able to collect punitive damages solely in connection with his breach of contract claim. In light of plaintiff's failure to oppose defendant's motion and his subsequent "non-opposition" to the motion, the court finds that good cause exists for granting defendant's motion in its entirety.

////

Accordingly, it is ORDERED that:

1. The order to show cause is discharged; and,

2. Should the district judge adopt these findings and recommendations in full, plaintiff shall file a second amended complaint consistent with that order, within ten days from the date of service of the order; and,

3. The parties shall submit status reports within twenty days of the district judge's ruling on these findings and recommendations to facilitate further scheduling of this action.

Further, consistent with foregoing and the court's previous rulings, it is hereby RECOMMENDED that:

1. Defendant's May 21, 2007, motion to dismiss be granted;

2. Plaintiff's claim for conversion be dismissed; and,

3. Paragraphs 24, 31 and 32 of the first amended complaint, as well as paragraphs 1 and 2 of the prayer for relief, be stricken to the extent they seek punitive damages.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 19, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4